RICHARD F. MORTON *v.* JAMES H. BAKER,
COUNTY JUDGE ET AL

73-22                                    494 S.W. 2d 122

Opinion delivered May 14, 1973

*Thomas B. Tinnon, P.A.,* for appellant.

*Poynter, Huckaba & Osmon,* for appellees.

GEORGE ROSE SMITH, Justice. In 1961 Marion county and Baxter county created the Marion-Baxter Counties Industrial Development Commission, a public corporation which issued tax-supported bonds under Constitutional Amendment 49 for the purpose of attracting an

industry to the area. See *Hackler* v. *Baker,* 233 Ark. 690, 346 S.W. 2d 677 (1961). The bonds were scheduled to mature over a period of 25 years, but tax collections were such that the bonds were actually paid in full in only 10 years. After the retirement of the bonds there remained in the bond account in each county surplus funds arising from the tax levy that supported the bonds.

This is a taxpayer's suit brought to determine the proper disposition of the surplus in Baxter county, amounting to $46,222.90. All parties to the suit agree that the proof shows that the money cannot be returned to the taxpayers, because the expense of such a refund proceeding would be prohibitive. *Lawrence* v. *Jones,* 228 Ark. 1136, 313 S.W. 2d 228 (1958). The chancellor, after a hearing, directed that the surplus be paid into the County General Fund. The appellant, a taxpayer who intervened in the case, insists that the funds should instead be turned over to the Industrial Development Commission, which issued the bonds and used the proceeds therefrom to erect a factory building that is rented to the Mar-Bax Shirt Company, the industry attracted to the area.

We cannot say that the chancellor's decision was wrong. It must be noted at the outset that the tax was not levied, as the appellant argues, for the broad purpose of securing and developing industry. By the explicit language in Section 3 of Amendment 49 the tax is levied for the purpose of paying the bonds. That purpose has been accomplished; so it cannot be said that the surplus money is earmarked for some other particular purpose. Hence the proper disposition of the fund becomes a question to be decided in the light of the evidence adduced by the litigants.

That evidence supports the chancellor's decision. The taxes giving rise to the surplus were paid by the taxpayers of Baxter County. It is admittedly impractical to attempt to refund the money to them. Those taxpayers, however, will presumably be fairly and proportionately benefited by the application of the funds to general county purposes. Hence the trial court's solution to the problem appears to be a good one unless the appellant has demonstrated that his proposal is a superior alternative.

That showing has not been made. The appellant brought the Industrial Development Commissioners into the case, but they filed no pleading and have not joined in the appellant's request that the surplus funds be paid over to them. Thus the appellant stands alone in demanding that the tax money be awarded to the Commission.

The basic defect in the appellant's position is that he has not shown that the Commission needs the money for a public purpose. The Commission used the proceeds of the bond issue to construct a building which it leased to Mar-Bax for 35 years at an annual rental of one twenty-fifth of the construction costs. In the lease the Commission, as the lessor, assumed certain continuing obligations, such as the duty to insure the factory building, to maintain access roads to the property, to provide certain sewer facilities, etc. The appellant contends that the tax money in question should be turned over to the Commission to enable it to discharge those obligations.

The Commission's need, however, is not shown. Section 18 of the lease provides that the rentals shall be used solely for the payment of the lessor's obligations to the lessee. The annual rentals are unquestionably substantial. There is no proof that they have fallen short, or threaten to fall short, of enabling the Commission to meet its obligations. In fact, the Commissioners' failure to join in the appellant's asserted cause of action indicates the contrary.

The appellant also suggests that some years after the construction of the factory the Commission executed a mortgage to raise money to build an addition to the factory and pledged the annual rentals to secure the mortgage. There is no proof, however, that the pledge impaired the Commission's ability to discharge its obligations to the lessee. The county judge, who alone testified upon the point, stated that there had been no delinquency in the mortgage payments, that he foresaw no problem in retiring the indebtedness, and that he did not know whether the rentals provided any surplus after the mortgage payments had been made. Thus there is simply no evidence in the record that would justify our saying that the appellant has met his burden of proving that his

proposed disposition of the surplus funds is superior to that approved by the trial court's decree.

Affirmed.